IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MC-23-BO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DENIS E. BERGERON, | ) | **ORDER** |
| | ) | |
| Debtor. | ) | |

This matter is before the Court on Trustee Joseph N. Callaway's motion to dismiss this appeal from the United States Bankruptcy Court for the Eastern District of North Carolina. Because this appeal is interlocutory, the Court is without jurisdiction, and the motion to dismiss is granted.

BACKGROUND

Debtor Dennis Bergeron seeks to appeal the April 30, 2014, decision of the United States Bankruptcy Court for the Eastern District of North Carolina in Case No. 14-29123-5-SWH denying his motion to set aside the parties' consent order naming Joseph Callaway as Trustee (the Set Aside Order). Joseph Callaway, Chapter 7 Trustee of the underlying bankruptcy case, has filed the instant motion to dismiss the interlocutory appeal.

DISCUSSION

Section 158(a) of Title of the United States Code provides that federal district courts shall have jurisdiction over appeals of final judgments, orders, and decrees of the federal bankruptcy courts, as well as interlocutory orders and decrees with leave of court. 28 U.S.C. § 158(a)(1); (3). Courts take a pragmatic view of finality in the bankruptcy context, and thus "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005)

(citation omitted). "A final order is one that disposes of all the issues in dispute as to all parties, and 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Topper*, 23 F. App'x 127 (4th Cir. Nov. 16, 2001) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The bankruptcy court's order denying Mr. Bergeron's motion to set aside the order implementing the parties' agreement as to the identity of the trustee is not a final judgment, thus this Court lacks jurisdiction to hear this appeal. *In re Hebb*, 53 B.R. 1003 (D.Md. 1985); *In re Fraidin*, 188 B.R. 529, 532 (D.Md. 1995). Indeed, petitioner even titled his pleading "Notice of Interlocutory Appeal." [DE 1].

Further, the Court declines to exercise its discretion to grant leave to appeal the Set Aside Order. When evaluating a motion for leave to appeal an interlocutory bankruptcy order, it is appropriate to consider the same factors used by a circuit court in determining whether to review an interlocutory order in a civil proceeding. *See KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R.74, 78 (E.D. Va. 2000). Under 28 U.S.C. § 1292, appeal from an interlocutory order is appropriate when (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) allowing immediate appeal would materially advance the litigation. *Id.* at 79. Although the Court is not required to strictly apply these guidelines, they do provide strong guidance.

Here, appeal of the Set Aside Order does not involve a controlling question of law and would not materially advance the underlying bankruptcy proceedings. A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished)). The identity of the Trustee is not a controlling issue of law in this case, as the controlling issues concern the readjustment

and repayment of debts. Nor are there substantial grounds for disagreement as to the relevant legal principles. Moreover, allowing the appeal would retard, rather than advance, the litigation. Accordingly, leave to appeal the order of the Bankruptcy Court is denied, and the Court is without jurisdiction over this matter.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over the instant appeal, appellant's motion to dismiss [DE 2] is GRANTED. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this **30** day of September, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE