IN THE UNITED SATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-372-D
No. 5:15-CV-373-D

| | | |
|---|---|---|
| BRUCE D. COPELAND, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| 1UP ALLSTAR SERVICENTERS, LLC, et al., | ) | |
| | ) | |
| Appellees. | ) | |

      Bruce D. Copeland ("Copeland"), a paralegal from Oklahoma, appeals from the United States Bankruptcy Court for the Eastern District of North Carolina and contends that the bankruptcy court erred by (1) ordering Copeland to disgorge funds that debtors Dennis E. Bergeron and 1Up AllStar Servicecenters, LLC paid to him and (2) imposing fines for violating 11 U.S.C. § 110. [D.E. 1]; [D.E. 1-1] (bankruptcy court order of July 16, 2015); see 11 U.S.C. § 110 (describing penalties for those who negligently or fraudulently prepare bankruptcy petitions). Copeland appeals from a single order, but the order involves different entities. This court docketed Copeland's appeals separately, but now consolidates the appeals. As explained below, the court affirms the bankruptcy court's judgment.

      The bankruptcy court possessed the constitutional authority to enter a final judgment, and this court has jurisdiction over the appeal. See, e.g., Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2170–75 (2014); Stern v. Marshall, 564 U.S. 462, 482–501 (2011); 28 U.S.C. § 158(a). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199,

204 (4th Cir. 2007); In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006); see also In re Wicker, 702 F.3d 874, 877–78 (6th Cir. 2012) (reviewing fines imposed under 11 U.S.C. § 110); In re Reynoso, 477 F.3d 1117, 1123–26 (9th Cir. 2007) (same); In re Doser, 412 F.3d 1056, 1064–65 (9th Cir. 2005) (same); In re Desilets, 291 F.3d 925, 926–31 (6th Cir. 2002) (same); In re Crawford, 194 F.3d 954, 962 (9th Cir. 1999) (same).

Copeland's opening brief concerning 1Up AllStar Servicecenters, LLC does not include a statement of the issues or the applicable standard of review and thereby violates Federal Rule of Bankruptcy Procedure 8014(a)(5). See [D.E. 16] (Copeland v. 1Up AllStar Servicenters, LLC., No. 5:15-CV-372-D). Copeland's opening brief also provides little insight into his claim, but he apparently disputes the bankruptcy court's finding that he is a bankruptcy-petition preparer and the bankruptcy court's detailed findings of fact and conclusions of law. See id. In those detailed findings of fact and conclusions of law, the bankruptcy court found that Copeland violated 11 U.S.C. § 110 and ordered Copeland to disgorge $19,200 that he was paid and to pay $73,500 in fines for his repeated statutory violations. See [D.E. 1-1].

Likewise, Copeland's opening brief concerning Dennis E. Bergeron does not include a statement of the issues or the applicable standard of review and thereby violates Federal Rule of Bankruptcy Procedure 8014(a)(5). See [D.E. 17] (Copeland v. Bergeron, No. 5:15-CV-373-D). Copeland's opening brief also provides little insight into his claim, but he apparently disputes the bankruptcy court's finding that he is a bankruptcy-petition preparer and the bankruptcy court's detailed findings of fact and conclusions of law. Id. In those detailed findings of fact and conclusions of law, the bankruptcy court found that Copeland violated 11 U.S.C. § 110 and ordered Copeland to disgorge $19,200 that he was paid and to pay $73,500 in fines for his repeated statutory violations. See [D.E. 1-1].

This court has reviewed the record and the relevant cases concerning Copeland's claim in each appeal. The bankruptcy court's finding of fact are not clearly erroneous and the conclusions of law are correct. Moreover, the Bankruptcy Administrator's appellate brief in each case explains at great length and with record citations and supporting legal rationales why the bankruptcy court's order should be affirmed. See [D.E. 17] (Copeland v. 1Up AllStar Servicenters, LLC., No. 5:15-CV-372-D); [D.E. 18] (Copeland v. Bergeron, No. 5:15-CV-373-D). In contrast, Copeland's appellate briefs are nonsensical and contains no record citations. Record citations, however, are required. See Fed. R. App. P. 28(a)(8)(A), (e); see also Fed. R. Bankr. P. 8014. Furthermore, the failure to comply with Rule 28 of the Federal Rules of Appellate Procedure "triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see Robinson v. Comm'r, Soc. Sec., 583 F. App'x 68, 69 (4th Cir. 2014) (per curiam) (unpublished); United States v. Myers, 581 F. App'x 171, 173 (4th Cir. 2014) (per curiam) (unpublished); United States v. Johnson, 557 F. App'x 240, 243 (4th Cir. 2014) (per curiam) (unpublished); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); In re Stephenson, Nos. 96 CIV. B. 557 (DC), 96 CIV. 558 (DC), 1996 WL 403087, at *1 (S.D.N.Y. July 18, 1996) (unpublished). Thus, as a matter of substance and procedure, Copeland's appeals fail.

In sum, the judgment of the bankruptcy court in each appeal is AFFIRMED. The clerk shall close the case.

SO ORDERED. This 13 day of September 2016.

                                            JAMES C. DEVER III
                                            Chief United States District Judge